UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JIE LIU,<br><br>        *Plaintiff*,<br><br>  v.<br><br>LOWE'S HOME IMPROVEMENT,<br><br>        *Defendant*. | Case No. 3:20-cv-00056<br><br>MEMORANDUM OPINION<br>& ORDER<br><br>Judge Norman K. Moon |

  This case is about a hot water heater installation that went awry. Water flooded Plaintiff's basement. Other property was damaged when Defendant Lowe's plumber doing the installation removed the hot water heater from his property. This Court had dismissed Plaintiff's original complaint because it failed to put Lowe's on notice of the claims that were being brought against it. The Court dismissed without prejudice and afforded Plaintiff leave to amend, and Plaintiff filed his amended complaint against Lowe's. Plaintiff also tried to add several other defendants to the case: Lowe's counsel, against whom Plaintiff raised a litany of claims, and an anonymous plumber, "Plumber A," who Plaintiff alleges caused the damages.

  Lowe's has again moved to dismiss, arguing that it cannot understand the claims Plaintiff is raising. Dkt. 30. Though Plaintiff's amended complaint may be inartfully drafted from a lawyer's perspective, he has alleged plenty of facts to support several claims he raises against Lowe's. For the following reasons, the Court will grant in part and deny in part Lowe's motion to dismiss.

1

Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim. Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In making that determination, all factual allegations contained in the complaint must be taken as true and all reasonable inferences drawn in the plaintiff's favor. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

The Court liberally construes *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Yet "[p]rinciples requiring generous construction of *pro se* complaints are not … without limits." *Beaudett v. City of Hampton*, 774 F.2d 1274, 1278 (4th Cir. 1985). "The 'special judicial solicitude' with which a district court should view such pro se complaint does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Reasoning

Plaintiff is suing Lowe's for damages stemming from Lowe's installation of a water heater in one of Plaintiff's apartments. Am. Compl. ¶¶ 11–41 (Dkt. 29). Plaintiff alleges that his floors suffered water damage during and after the plumber, identified as "Plumber A," installed a new water heater. *Id.* ¶¶ 17–24. In Plaintiff's telling, something akin to a comedy of errors

ensued. As the plumber was removing the old tank, water continued to flow from a pipe that had been connected to the old tank onto the floor, unabated, for minutes. *Id.* ¶¶ 18, 22. For "several minutes … water fully poured from pipe A to the cement ground of the water heater room," and that water "overflowed and soaked the laminate floor outside the water heater room." *Id.* ¶ 22. Plaintiff claims his property was damaged in other ways, including damage to moulding in the kitchen, to pipes and valves connected to the water heater, and increased moisture. *Id.* ¶¶ 21, 23, 32. Plumber A left "with the floor still soaked with water," and leaving the apartment a mess. *Id.* ¶ 31.

Plaintiff raises several claims against Lowe's: (1) "negligent breach of contract," (2) "reckless breach of contract," (3) "intentional breach of contract and violation of Virginia Consumer Protection Act," (4) "intentional breach of contract and vandalism," and (5) "intentional breach of contract and violation of license laws." *Id.* at 21–28.[1] Plaintiff tries to raise the first three claims against "Plumber A" as well. Plaintiff seeks to recover compensatory and punitive damages for the experience. *Id.* at 31 (Prayer for Relief (a)). He also seeks other relief, including asking the Court to revoke the plumber's license, and for, among other things, the "psychological trauma" from the experience.

  1. Breach of Contract

Giving Plaintiff's claims a liberal construction, the Court concludes that a breach of contract claim is reasonably encompassed within Plaintiff's allegations in his Counts 1, 2 and 3.

---

[1] Plaintiff also raises numerous claims against Lowe's counsel for perjury, obstruction of justice and other claims. *Id.* at 28–31. In his reply, Plaintiff asked the Court to let him withdraw those claims against Defense counsel—which the Court will grant—and the Court finds no basis to permit those claims to proceed against any other defendant.

"The elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009). Plaintiff alleged that he entered into a contract with Lowe's to install a hot water heater, Dkt. 29 ¶¶ 2, 12, and he also attached a document entitled, "Installation Services Customer Contract," for a water heater, Dkt. 29-1. Next, Plaintiff alleged that Lowe's "breached the duty specified" in that contract to "warrant that the Installation Services will be performed by the installer in a good and workmanlike manner," referencing the relevant clause in the contract. Dkt. 29 ¶ 53; Dkt. 29-1 at 6; *see also* Dkt. 29 ¶¶ 13–41 (factual allegations describing faulty installation). Finally, Plaintiff has alleged damages caused by the breach. *E.g.*, *id.* ¶¶ 17–22, 32, 54. For its part, Lowe's does not argue that Plaintiff's allegations failed to satisfy any of the elements of a breach of contract claim. Dkt. 30 at 3–4. Rather, Lowe's simply argued that Plaintiff improperly pleaded these claims, and that it has not been "put … on notice of either a specific breach of contract claim or a specific tort claim." Dkt. 30 at 3–4. The Court concludes that Lowe's has fairly been put on notice that Plaintiff has raised a breach of contract claim against it, based upon the accompanying factual allegations that Plaintiff has marshaled to support what is, on the present record, a plausible breach of contract claim.

2. Negligence

Plaintiff's allegations also fairly raise and state a plausible negligence claim in Counts 1, 2 and 3 of the amended complaint. A plaintiff seeking to plead a negligence claim must plead (1) the existence of a legal duty; (2) a violation of that duty; and (3) consequent damage. *Marshall v. Winston*, 389 S.E.2d 902, 904 (Va. 1990). Lowe's does not argue that Plaintiff has failed to plead any particular element of a negligence claim. Rather, Lowe's just argues that it is "unclear"

precisely what claim Plaintiff is raising, since the same allegations in the amended complaint refer to "negligent" and "reckless" "breach of contract." *See* Dkt. 30 at 3–4. Again, Plaintiff has not drafted his amended complaint with the precision expected of counsel. But it is clear, affording his pleadings a liberal construction, that Plaintiff asserted claims of negligence as well as breach of contract. Lowe's was fairly on notice of the nature of these claims.

Lowe's does argue, however, that "Plaintiff cannot state causes of action for both breach of contract and negligence/torts" under Virginia law. Dkt. 30 at 3. To be sure, Plaintiff would not ultimately be able to "simultaneously *recover* in contract and in equity," *McPike v. Zero-Gravity Holdings, Inc.*, 280 F. Supp. 3d 800, 809 (E.D. Va. 2017) (citing cases) (emphasis added). But it is a separate question whether a plaintiff can be permitted to plead such counts in the alternative. *See* Fed. R. Civ. P. 8(d) (generally permitting pleading in the alternative). And courts have held that where there is a question about the applicability or enforceability of a contract, a plaintiff can plead contract and quasi-contract claims in the alternative. *See McPike*, 280 F. Supp. 3d at 809–10 (explaining that "it makes perfect sense for a plaintiff to plead quasi-contractual claims in the alternative when the applicability or enforceability of the contract is in dispute," but "the rationale for alternative pleading disappears when neither party contests the applicability or validity of the contract"); *see also Monogram Snacks Martinsville, LLC v. Wilde Brands, Inc.*, No. 4:20-cv-30, 2022 WL 188188, at *6 n.2 (W.D. Va. Jan. 20, 2022) (similar). At present in this case, it is not clear that there is *no dispute* between the parties about the applicability or enforceability of the contract at issue, such as might warrant removing non-contract claims from the case. Dkt. 30 at 1 (Lowe's writing that "Plaintiff *purportedly* entered into a contract with Lowe's which governed the installation requested by Plaintiff") (emphasis added); *id.* at 3

5

(arguing that "Plaintiff has not put Lowe's on notice of either a specific breach of contract claim or a specific tort claim").

To the extent Lowe's has argued that the economic loss rule precludes Plaintiff from raising a negligence claim, the Court will also deny that argument at this time. The economic loss rule "holds that when the 'bargained-for level of quality' in a contract is not met, 'the law of contracts provides the sole remedy.'" *McConnell v. Servinsky Eng'g, PLLC*, 22 F. Supp. 3d 610, 614 (W.D. Va. 2014) (Jones, J.) (quoting *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 374 S.E.2d 55, 57 (Va. 1988)). However, a negligence claim may survive the economic loss rule where there is injury to person or property other than that which was the subject of the contract. *See Tingler v. Graystone Homes, Inc.*, 834 S.E.2d 244, 265 (Va. 2019) (explaining that "damage to personal property … during *post construction* repairs can be recovered in tort," and that "[s]uch damage could consist of new damage caused entirely by the negligent repairs …," which was "fully consistent with the economic loss rule"); *Rogers v. Dow Agrosciences, LLC*, No. 4:06-cv-15, 2006 WL 3147393, at *2–4 (W.D. Va. Oct. 31, 2006) (Kiser, J.) (holding that economic loss rule did not preclude plaintiffs from pleading a negligence claim, where plaintiffs alleged not only economic damages but also "substantial physical damages to their property as well" caused by defendants' negligent use of herbicides); *Gonella v. Lumbermens Mut. Cas. Co.*, No. 216138, 2004 WL 836031, at *3–4 (Va. Cir. Ct. Mar. 15, 2004) (holding that contractor had contractual duty to fix a leak, but a tort duty could exist where faulty performance led to mold and disease). At the motion-to-dismiss stage of a case, the Court must accept as true Plaintiff's allegations that his property was damaged. *See, e.g.*, Am. Compl. ¶¶ 17–24, 31–32.

Because Plaintiff has alleged and sought to recover from damages to his property as a result of Lowe's plumber's alleged negligent performance of his contractual duty, the Court will

permit a negligence claim to proceed. *See Rogers*, 2006 WL 3147393, at *3. To the extent, however, that Plaintiff raises a claim for gross negligence or willful and wanton negligence, the Court will dismiss such claim because Plaintiff's allegations, taken as true, do not establish that Lowe's or the plumber had so acted. *See Griffin v. Shively*, 315 S.E.2d 210, 213 (Va. 1984) ("Willful and wanton negligence is acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another."); *see also id.* (explaining that "gross negligence" is that which "constitutes an utter disregard of prudence amounting to a complete neglect of the safety of [another]").

   3. Other Counts

Plaintiff's amended complaint also raises a claim against Lowe's for violation of the Virginia Consumer Protection Act ("VCPA"). *See* Am. Compl. ¶¶ 58–61. "To properly state a cause of action under the VCPA, Plaintiff must allege (1) fraud, (2) by a supplier, (3) in a consumer transaction." *Hamilton v. Boddie-Noell Enters., Inc.*, 88 F. Supp. 3d 588, 591 (W.D. Va. Feb. 23, 2015) (quoting *Nahigian v. Juno Loudoun, LLC*, 684 F. Supp. 2d 731, 741 (E.D. Va. 2010)). However, Lowe's has only argued that this point that it is "impossible to determine the nature of the claim" Plaintiff raises, Dkt. 30 at 5, but has not articulated whether Plaintiff has failed to establish any of the elements of the cause of action. And indeed, Plaintiff's amended complaint has specifically asserted that, among other things, "Plumber A" "misrepresent[ed] that repairs, alterations, or services have been performed or parts installed." *See* Va. Code § 59.1-200 (10); *see also* Am. Compl. ¶ 60. As Lowe's is fairly on notice of a specific VCPA claim, the Court will allow it to proceed at this time.

Plaintiff's other claims against Lowe's fail, to the extent they can be discerned, as they appear to be claims for violations of criminal law or licensing requirements, or otherwise fail to state a plausible claim to relief addressable in a civil case. *See* Am. Compl. ¶¶ 62–89; *Doe v. Broderick*, 225 F.3d 440, 447–48 (4th Cir. 2000) ("criminal statutes do not ordinarily create individual rights").

4. Claims against Newly-Added Defendants

The Court will also dismiss and strike Plaintiff's claims against newly added defendants, counsel for Lowe's and "Plumber A." Dkt. 29. The claims against Defense counsel for "perjury" and "contempt of court," "obstruction of justice," and similar claims, Dkt. 29 ¶¶ 48–51, 84–89, arise from the same grounds as Plaintiff's motion for sanctions against Defense counsel—and they fail for the same reasons the Court denied those requests. Dkt. 32 (Order Denying Motions for Sanctions). Indeed, since the Court issued that Order, Plaintiff has asked the Court to permit him to "withdraw the listing of the defense counsels as party defendants." Dkt. 33 at 10. The Court finds that relief appropriate, and it will strike the claims and allegations against Defense counsel, and they shall be terminated as party defendants.

The Court will further strike the claims against "Plumber A." On October 10, 2020, the Court issued its Pretrial Order in this case. Dkt. 8. The Pretrial Order states that any motion to join other parties "must be filed no later than 45 days from the date of this order," "[e]xcept for good cause shown." *Id.* ¶ 23. That 45-day window passed before Plaintiff attempted to add these new parties, and Plaintiff has not shown good cause for the joinder of any of the newly added parties, including "Plumber A." Plaintiff raises the same claims against him that it raises against Lowe's. Moreover, at oral argument, counsel for Lowe's stated that while the plumber was an

8

independent contractor, there was no reason to think that they would not be vicariously liable for work improperly performed by the plumber.

Lowe's counsel seeks sanctions against Plaintiff on account of his numerous sanctions requests and attempt to include them as party defendants in this matter. Dkt. 30 at 7–8. Their frustration is certainly understandable. However, the Court notes that since it issued its Order on March 5, 2021 denying Plaintiff's motions for sanctions against Defense counsel, Dkt. 32, there is some cause to believe that this case will remain about the merits and not wild accusations. The Court notes that in Plaintiff's reply brief—which was filed after the Court's March 5 Order—Plaintiff acknowledged the Court's ruling that Defense counsel "proceeded in accordance with applicable rules," and further acknowledged he made a "misjudgment" about Defense counsel's actions. Dkt. 33 at 6–7. Plaintiff also asked the Court to allow him to "withdraw" his attempt to add Defense counsel as party defendants, which this Court did. *Id.* at 10. In view of Plaintiff's response, the Court sees no needs to award any sanctions at this time. For these reasons, the Court will **STRIKE** the claims and allegations against Lowe's counsel. Plaintiff need not file an amended complaint to remove them. Further, the Court has **DENIED** Plaintiff's attempt to add the plumber of defense counsel as defendants to this action.

Accordingly, the Court has and will **GRANT in part and DENY in part** Defendant Lowe's motion to dismiss Plaintiff's amended complaint. Dkt. 30. The Court has afforded Plaintiff's amended complaint a liberal construction, and in so doing, concluded that Plaintiff has fairly raised and put Lowe's on notice of claims for breach of contract, negligence, and violation of the VCPA, which claims may proceed. However, any other claims raised are without merit and have been **DISMISSED**.

It is so **ORDERED**.

The Clerk of Court is directed to send this Memorandum Opinion & Order to the parties.

Entered this 22nd day of February, 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE