UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JIE LIU,<br><br>                       *Plaintiff,*<br><br>    v.<br><br>LOWE'S HOME IMPROVEMENT,<br><br>                      *Defendant*. | Case No. 3:20-cv-00056<br><br>**MEMORANDUM OPINION**<br><br>Judge Norman K. Moon |

This matter is before the Court on Defendant Lowe's motion for summary judgment. For the reasons that follow, the Court determines that Lowe's has shown that it entitled to judgment as a matter of law, and accordingly, Lowe's motion will be granted.

Background[1]

On August 14, 2020, Lowe's sent a plumber to install a water heater in Plaintiff's condo. Dkt. 68 at ECF 10. Plaintiff had rented the condo to tenants at the time. *Id.* He attested that the Lowe's plumber installed the hot water heater "improperly," and his property suffered damages as a result, including "the improperly installed water heater, the broken and unfixed water valve, [and] the damaged laminate floor." *Id.* at 10–11. He asserted that there was "water damage to the wall and floor" and Lowe's plumber left the apartment "without fixing the broken valves and cleaning the mess he created." Dkt. 72 at 2. Indeed, Plaintiff believed the hot water heater was installed so improperly that it posed a "life-threatening danger" to the people living there. *Id.*

---

[1] The facts described are either uncontested or viewed in the light most favorable to Plaintiff, as the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

1

Plaintiff argued with the plumber, tried to "stop [the plumber] from leaving" the condo, and "called and talked with Albemarle County Police department over the phone several times" over the incident. *Id.* Later, Plaintiff, accompanied by a property manager, went to "watch [the plumber] install the new [water] valve," because he was concerned that the plumber "would escape from the site" without fixing it. *Id.* Plaintiff asserts a list of grievances following from the alleged faulty hot water heater installation, including that he had to make "dozens of calls" to Lowe's, *id.* at 14, and that he had to spend an "exhausting" hour trying to clean the house from the plumber's visit, plus some additional work trying to fix a "shoe molding" on the floor, *id.* at 4–6, 10–11.

Significantly, on August 14, 2020, when the hot water heater installation occurred, Plaintiff had already put the property on the market, and it was already under contract with a sale price of $146,000. *See* Dkt. 68 at ECF 10–11; *see also* Dkt. 72 at 22–23 (Plaintiff, writing that Lowe's counsel "correctly pointed out that 'at the time of this incident (August 14, 2020), the Plaintiff had already put this condo unit under contract for sale for $146,000)' … This is true. The Plaintiff admits it."). The contract price was $146,000, and the deed by which Plaintiff sold the property set forth a sales price of $146,000. Dkt. 68 at ECF 31–32 (deed). Plaintiff signed the deed on September 1, 2020, and it is undisputed that the closing date was September 9, 2020. *See* Dkt. 68 at 3; Dkt. 72 at 22.

Standard of Review

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party seeking summary judgment bears "the initial burden of showing that there was no genuine dispute of material fact and that it was entitled to

judgment as a matter of law." *Richardson v. Clarke*, 52 F.4th 614, 618 (4th Cir. 2022) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "A fact is 'material' if proof of its existence or non-existence would affect disposition of the case under applicable law. An issue of material fact is 'genuine' if the evidence offered is such that a reasonable jury might return a verdict for the non-movant." *Id.* (quoting *Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020)).

Once the moving party has met this burden, "the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). Rather, the nonmoving party "must show specific, material facts that give rise to a genuine dispute to survive the motion for summary judgment." *Richardson*, 52 F.4th at 618 (citing *Celotex Corp.*, 477 U.S. at 323–24). The nonmoving party "must set forth specific facts that go beyond the mere existence of a scintilla of evidence." *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013) (internal citations and quotation marks omitted); *see also Wai Man Tom*, 980 F.3d at 1037 (explaining that "conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion"). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Richardson*, 52 F.4th at 618.

The Court liberally construes the filings of *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sinclair v. Mobile 360, Inc.*, 417 F. App'x 235, 243 (4th Cir. 2011). Yet "[p]rinciples requiring generous construction of *pro se* complaints are not … without limits." *Beaudett v. City of Hampton*, 774 F.2d 1274, 1278 (4th Cir. 1985). "The 'special judicial solicitude' with which a district court should view such pro se complaint does not transform the

court into an advocate," and the court isn't required to recognize "obscure or extravagant claims." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Reasoning

The Court previously held that Plaintiff's amended complaint had fairly raised three claims: breach of contract, negligence, and violation of the Virginia Consumer Protection Act or "VCPA." *See* Dkt. 38 at 9.

A breach of contract action requires a legally enforceable obligation of a defendant to a plaintiff, that the defendant breached, and injury or damage to the plaintiff caused by the breach. *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009). A negligence claim requires the existence of a legal duty owed by defendant to plaintiff, the defendant's violation of that duty, and consequent damage. *Marshall v. Winston*, 389 S.E.2d 902, 904 (Va. 1990); *Atrium Unit Owners Ass'n v. King*, 585 S.E.2d 545, 549 (Va. 2003) (explaining that "[a] plaintiff has the burden to establish the causal connection between the defendant's alleged negligence and the injury of which the plaintiff complains") (quotation marks omitted). Lastly, the VCPA claim requires the plaintiff to establish the defendant committed a fraudulent act by a supplier in a consumer transaction, and also proof of plaintiff's reliance and damages with regard to the claimed misrepresentation(s) of fact. *Curtis v. Propel Prop. Tax Funding, LLC*, No. 3:16-cv-731, 2018 WL 717006, at *3 (E.D. Va. Feb. 5, 2018); *Gavin v. Koons Buick Pontiac GMC, Inc.*, 28 F. App'x 220, 223 (4th Cir. 2002) (unpublished, per curiam) (affirming dismissal of VCPA claim where the plaintiff "failed to adequately demonstrate a 'loss' as required by the statute") (citing Va. Code § 59.1-204).

All three counts require injury or damage to Plaintiff, caused by Lowe's allegedly wrongful conduct. Viewing the evidence in the light most favorable to Plaintiff and drawing all

reasonable inferences in his favor, Plaintiff has not put forward evidence as would create a genuine issue of material fact that there was any damage, injury or loss *to Plaintiff* that was *caused by* Lowe's allegedly wrongful conduct. Simply put, there was none.

Plaintiff already had a contract to sell the condo for $146,000 on August 14, 2020, when the plumber improperly installed the hot water heater and allegedly caused some damage to the property, and several weeks after that date—by all accounts on schedule—Plaintiff sold the condo for the same, contractually-agreed price of $146,000. *See, e.g.*, Dkt. 72 at ECF 21–22. These facts demonstrate that in this case, there is no genuine issue of material fact that *Plaintiff* suffered no economic loss that was *caused by* Lowe's alleged improper installation of the hot water heater. Plaintiff has claimed that Lowe's breached its contract with him by not performing the installation in a "good and workmanlike manner," Dkt. 72 at 11, but the measure of damages for a breach of contract "is the sum that would put [the plaintiff] in the same position, as far as money can do it, as if the contract had been performed." *Nichols Constr. v. Va. Machine Tool Co. LLC*, 661 S.E.2d 467, 471 (Va. 2008) (citation omitted). "The plaintiff must not only show that he has sustained damages by reason of his rights being violated, but must show with reasonable certainty the extent of such damages." *Orebaugh v. Antonious*, 58 S.E.2d 873, 874 (Va. 1950). But "[a] plaintiff is not allowed to recover for a breach of contract more than the actual loss sustained by him, nor is he allowed to be put in a better position than he would have been had the wrong not been done and the contract not been broken." *Id.* at 875. Here, Plaintiff was in the very same position financially notwithstanding Lowe's alleged breach, as if their contract had been performed satisfactorily. Indeed, awarding Plaintiff compensation though he suffered no economic loss would place Plaintiff in a *better* position than if the contract had been performed to his satisfaction. The law doesn't allow that result.

Plaintiff argues that he personally did suffer from some "loss in house value," because, "[i]f this incident had never happened, then without the fear and concern of averting the risk, the Plaintiff *might not* sell this apartment at all and could keep it up to now …" Dkt. 68 at ECF 10–11 (emphasis added). He asserts that its "current market price" is higher, and believes he is entitled to recover the $35,000 difference. *Id.* at ECF 11. Elsewhere, he argues that, "[s]ince signing the contract, however, the Plaintiff felt that the house was undervalued and thus had the strong intention of cancelling this contract and walking away," but that only after the incident, "Plaintiff finally dismissed the *hovering idea* of cancelling the contract," and actually went to closing. Dkt. 72 at 22–23 (emphasis added). While the Court "view[s] the evidence in the light most favorable to the nonmoving party, that party must produce evidence that goes beyond '[c]onclusory or speculative allegations' and relies on more than 'a mere scintilla of evidence' to withstand summary judgment." *Hodgin v. UTC Fire & Security Americas Corp., Inc.*, 885 F.3d 243, 252 (4th Cir. 2018) (quoting *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002)). By Plaintiff's own admission, all he had was a "hovering idea" of cancelling the contract. That is the type of conclusory and speculative allegation—at best no more than a scintilla of evidence—that is insufficient to defeat summary judgment and show that *Plaintiff* suffered any economic loss on account of diminution of property value that was caused by Lowe's.

Plaintiff's negligence and VCPA claims fare no better. In view of the undisputed evidence that Plaintiff sold the property at the same, previously contractually agreed price after Lowe's allegedly faulty installation, Plaintiff has not shown a genuine issue of material fact that there was any damage, injury, or loss to Plaintiff caused by Lowe's. *See Atrium Unit Owners Ass'n*, 585 S.E.2d at 549 (explaining that "[a] plaintiff has the burden to establish the causal

connection between the defendant's alleged negligence and the injury of which the plaintiff complains"); *Curtis*, 2018 WL 717006, at *3 (VCPA claim requires a showing of damages on alleged misrepresentation).[2]

Next, Plaintiff, proceeding *pro se*, effectively seeks an award of attorney's fees for the time he spent litigating this case. *See* Dkt. 68 at ECF 12–13. Plaintiff identifies no legal authority or contractual provision supporting his request. As attorney's fees are not recoverable by *pro se* litigants, the request will be denied as meritless. *Leonard v. PNC Bank Nat'l Headquarters*, No. 20-cv-11, 2020 WL 2731990, at *2 (D. Md. May 26, 2020) (explaining that attorney's fees "are not recoverable for a *pro se* litigant") (citing cases).[3]

Plaintiff also seeks to recover for "psychological trauma" that he claims to have experienced from his interaction with Lowe's. Dkt. 68 at ECF 13–14. However, Plaintiff is not entitled to recover for any such asserted emotional damages. With respect to Plaintiff's breach of contract claim, the Supreme Court of Virginia has explained, "regardless of how foreseeable non-pecuniary loss flowing from a contractual breach may be, such non-pecuniary injury is not recoverable in a breach of contract claim." *Smith v. McLaughlin*, 769 S.E.2d 7, 20 (Va. 2015). Accordingly, "the 'rule,' then, is clear: 'tort damages'—including non-pecuniary damages such

---

[2] As Lowe's argues, Plaintiff has not submitted any *evidence*, such as documents or statements, that would support the existence of "any associated incidental damages incurred by the Plaintiff" for a new hot water heater, or demonstrating any expense incurred in any later repair, replacement or cleanup of the allegedly damaged property. *See* Dkt. 68 at 4; Fed. R. Civ. P. 56(c)(1). Plaintiff does not appear to dispute the absence of evidence as to that point. And, that Plaintiff has written, but failed to substantiate with any evidence, that he made certain *de minimis* purchases (towel, chalk gun), does not warrant a different result. Dkt. 72 at 9, 11; *Baber*, 977 F.2d at 874–75; *Thompson Everett, Inc. v. Nat'l Cable Adver., L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995). These points further demonstrate the lack of any genuine issue of material fact that Plaintiff suffered any loss caused by Lowe's.

[3] Even if a federal statute provides attorney's fees to a prevailing litigant, the Supreme Court has explained that "a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees." *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

as mental anguish, emotional distress, and humiliation—'are not recoverable for breach of contract.'" *Id.* (quoting *Isle of Wight Cnty. v. Nogiec*, 704 S.E.2d 83, 86 (Va. 2011)). Plaintiff's request for emotional damages fares no better under his negligence or VCPA claims. "A plaintiff can remover damages for emotional distress when the defendant's negligence *causes both emotional disturbance and physical injury*." *Doe v. Baker*, 857 S.E.2d 573, 588 (Va. 2021) (citing *Hughes v. Moore*, 197 S.E.2d 214 (1973)) (emphasis added). Indeed, "[t]he general rule in tort cases is that, in the absence of accompanying physical harm or wanton and willful conduct, emotional distress damages are not recoverable." *Carstensen v. Chrisland Corp.*, 442 S.E.2d 660, 668 (Va. 1994). Plaintiff has not asserted (much less put forward evidence creating a genuine issue of material fact on the issue) that he suffered any physical injury on account of Lowe's allegedly negligent conduct. Nor do Plaintiff's assertions regarding Lowe's conduct, devoid of his unsupported conclusory allegations, establish "willful and wanton" misconduct.[4] Much less has Plaintiff put forward such evidence as would create a genuine issue of material fact on the issue. Nor, for that matter, has Plaintiff pointed to evidence that would establish that he suffered any "loss as a result of a violation of" the VCPA, as is required to state a VCPA claim. Va. Code § 59.1-204.[5] Accordingly, Plaintiff cannot recover his asserted emotional harm under his negligence or VCPA claims.

---

[4] Willful and wanton negligence means "acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Harris v. Harman*, 486 S.E.2d 99, 101 (Va. 1997). It is "conduct going beyond that which shocks fair-minded people." *Id.* at 102.

[5] Therefore, Plaintiff cannot recover emotional damages under his VCPA claim in this case, even if such damages could otherwise be available for another plaintiff with a meritorious VCPA claim. *See Barnette v. Brook Road, Inc.*, 429 F. Supp. 2d 741, 752 (E.D. Va. 2006).

## Conclusion

For these reasons, Lowe's motion for summary judgment will be granted, and the Court will award Lowe's summary judgment.

The Clerk of Court is directed to send this Memorandum Opinion to the parties.

Entered this 20th day of January, 2023.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE