# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JIE LIU,<br><br>*Plaintiff*,<br><br>v.<br><br>LOWE'S HOME IMPROVEMENT,<br><br>*Defendant.* | CASE NO. 3:20-cv-00056<br><br>MEMORANDUM OPINION<br>& ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court further to its Order directing Plaintiff Jie Liu, proceeding *pro se*, to show cause why he should not be sanctioned under Rule 11, and on Defendant Lowe's motions for sanctions. Dkts. 46, 48, 70.[1]

As stated in the Show Cause Order, this "is and should be a simple breach of contract and negligence case about a hot water heater that was, according to Plaintiff, improperly installed and caused damage to his home." Dkt. 46 at 1. Yet, notwithstanding the liberal construction afforded *pro se* litigants' filings, the Court explained that "it appears that Plaintiff appears singularly focused on … expanding this case well beyond any reasonable scope, ignoring the Court's (and the Magistrate Judge's) repeated warnings to the contrary." *Id.* The Court admonished Plaintiff for his repeated, "quixotic pursuit of criminal charges, claims of professional misconduct and requests for disbarment against Lowe's and its counsel, and that the Court strip the plumber(s) of

---

[1] This Court retains jurisdiction to resolve Lowe's requests for sanctions and attorneys' fees pursuant to Rule 11 of the Federal Rules of Civil Procedure, and this Court's related show cause order, even though Plaintiff has filed a notice of appeal of this Court's opinion and order granting Lowe's motion for summary judgment. *Langham-Hill Petroleum Inc. v. S. Fuels Co.*, 813 F.2d 1327, 1328 (4th Cir. 1987).

their licenses." *Id.* at 2. Even when warned of possible sanctions—including attorney's fees and up to dismissal—Plaintiff still has not changed course; his grievances with Lowe's apparently know no bounds. Plaintiff filed yet further frivolous motions, including one "urgent motion" asking the Court to forbid Lowe's from "all plumbing installation services in the state of Virginia," and another baseless motion accusing Lowe's counsel of perjury and other criminal violations. Given Plaintiff's repeated violations of Rule 11, notwithstanding warnings to the contrary, the Court finds it appropriate to grant Lowe's motion for sanctions and to assess upon Plaintiff as a sanction $2,660 in Lowe's attorney's fees.

<u>Background</u>

Plaintiff, proceeding *pro se*, filed suit against Lowe's in Virginia state court, which Lowe's timely removed to this Court. Dkt. 1. In short, Plaintiff claimed that Lowe's improperly installed a hot water heater in "one of [his] real estate properties," which he alleged caused damage to the floor and other areas of the apartment. *See* Dkt. 1-1 at 1–3.

After Lowe's filed its motion dismiss Plaintiff's complaint, Plaintiff filed an opposition as well as a "Motion to Discharge the Attorneys of Defendant for Perjury in Federal Court." Dkts. 19, 20. In that filing, Plaintiff accused the Lowe's attorneys and its plumber of having "committed the crime of perjury together." *Id.* at 7. As the Court later distilled the "nub of the specific dispute" underlying the alleged perjury, "the plumber that went to Plaintiff's house to install the hot water wrote at the bottom of the pre-printed form (called the 'Installation Services Customer Contract') that 'customer refused to sign.'" Dkt. 46 at 1. But, according to Plaintiff, "he wasn't asked to sign anything, so the statement that 'customer refused to sign' is not truthful and fabricated." *Id.*; *see also* Dkt. 19 at 6–8 (Plaintiff describing issue). Plaintiff asked the Court to "discharge the attorneys from their duty of representing the defendant due to the perjury de

2

facto …" Dkt. 19 at 8. For their part, Lowe's counsel forthrightly responded that, while they had attached the purported contract to their motion to dismiss because it had been attached to Lowe's demurrer filed in state court by prior counsel, it was "mentioned nowhere in the Demurrer or the [then-]pending Motion to Dismiss," and thus they saw it as "currently irrelevant and immaterial to any issue now before the Court." Dkt. 21 at 2.

Unsatisfied with their response, Plaintiff then filed a separate motion that he captioned as a "Motion to Request an Independent Criminal Trial on the Alleged Perjury." Dkt. 22. Again, the issue was the same. *See id.* at 1–15. Plaintiff asked the Court to initiate "an independent criminal case" for perjury against Lowe's attorneys. *Id.* at 16.

The Magistrate Judge denied Plaintiff's first two motions, stating that the issue "whether Plaintiff refused to sign this paper, or was otherwise 'non-cooperative in the installation process,' … present[s] factual disputes that the Court will not consider when ruling on Defendant's Rule 12(b)(6) motion to dismiss." Dkt. 24 at 2. Accordingly, "the only question before the Court is whether the facts alleged in Plaintiff's Complaint itself, taken as true and viewed in his favor, allow the Court to draw a reasonable inference that Defendant is liable for the misconduct alleged" on Plaintiff's claim that the faulty installation of the hot water heater caused damage to his apartment. *Id.* This Court subsequently granted Lowe's motion to dismiss, but permitted Plaintiff leave to file an amended complaint. *See* Dkt. 27.

After the Magistrate Judge's ruling denying Plaintiff's first two requests for sanctions, undeterred, Plaintiff filed another motion seeking sanctions and alleging contempt of court and perjury against Lowe's counsel, and this time alleging obstruction of justice. Dkt. 25.[2] And

---

[2] *See* Dkt. 25 ("Plaintiff's Motion for Sanctions Against Opposing Counsels on Contempt of Court, Obstruction of Justice, and Violation of Federal Rules of Civil Procedure").

shortly thereafter, Plaintiff filed another. Dkt. 28.[3] These motions continued to rehash the same

arguments—that Lowe's counsel allegedly perjured themselves by attaching a purported contract

to their motion to dismiss, while Plaintiff contested that he had "refused to sign" the writing. *See,*

*e.g.*, Dkt. 25 at 2–3, 5–8; Dkt. 28 at 2, 9. In addition, Plaintiff now asserted that Lowe's counsel

committing "ongoing crimes" of perjury, etc. Dkt. 28 at 9–11. These new accusations stemmed

from the fact that Lowe's counsel had served Plaintiff with a motion for Rule 11 sanctions but

had not yet filed it. *E.g.*, Dkt. 28 at 6–11. By this time, Plaintiff also had filed his amended

complaint. Dkt. 29. In it, Plaintiff not only added additional allegations concerning the hot water

heater installation and causes of action, but he further sought to add as party defendants Lowe's

counsel as well as Lowe's plumber—claiming "perjury," "contempt of court," "obstruction of

justice," and "violation of the Virginia Attorney Bar Oath." Dkt. 29 at 1–2, 28–30. Therein,

Plaintiff asked for relief including revoking Lowe's contractor's license, as well as that of their

plumber, and criminal judgments against Lowe's counsel. *Id.* at 31–32.

This Court denied Plaintiff's third and fourth motions for sanctions. Dkt. 32. As this

Court explained on page 1 of the Order:

> In this case, Plaintiff has repeatedly tried to expand the scope of controversy well
> beyond the merits of his claims that his property was damaged due to an improperly
> installed hot water heater. He quickly turned his sights on Lowe's counsel. In recent
> months, Plaintiff has filed <u>four</u> motions seeking to sanction and remove defense
> counsel from the case, and further for criminal charges of perjury to be brought
> against them.

Dkt. 32 at 1. The Court held that Plaintiff's arguments were "plainly without merit," and that,

"[a]s the movant, Plaintiff has failed to demonstrate that any sanctions are warranted against

---

[3] *See* Dkt. 28 ("Plaintiff's Urgent Motion for Convictions and Sanctions Against Defendant
Counsels on Perjury, Contempt of Court, Obstruction of Justice, and Violation of Federal Rules of Civil
Procedure Prior to and in the Court Hearing on February 9th, 2021").

defense counsel, much less the severe and extraordinary nature of sanctions requested." *Id.* at 2. The Court reiterated the reasons given by the Magistrate Judge for denying Plaintiff's first two sanctions motions, and further held that "[t]o the extent [Plaintiff] challenges that order, Plaintiff has demonstrated no error at all, much less clear error." *Id.* Next, the Court addressed Plaintiff's argument that "defense counsel committed perjury and engaged in sanctionable conduct because they served him with a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, but defense counsel had not filed it." *Id.* at 3. The Court explained "that process is precisely what the rules contemplate," and that defense counsel had acted in accordance with Rule 11's "safe harbor provision." *Id.* Accordingly, "[f]ar from serving as a basis for any sanctionable conduct, defense counsel proceeded in accordance with applicable rules by proceeding in this fashion." *Id.*

The Court also cautioned Plaintiff, as it had "[a]t the hearing on February 9, 2021 on Lowe's first motion to dismiss," that "repetitive and/or baseless requests for sanctions could themselves provide grounds for a successful motion for attorney's fees or sanctions." *Id.* And the Court explained that that, although "[a] pro se litigant's filings are afforded a liberal construction," that was not "a green light for vexatious or repetitive filings." *Id.* at 3–4 (citing *Schnader Harrison Segal & Lewis LLP v. Hershey*, No. 1:12-cv-928, 2013 WL 12099323, at *2 (E.D. Va. Aug. 14, 2013)). Accordingly, "finding the requests without any merit," the Court held that "Plaintiff's motions for sanctions and to initiate criminal proceedings against defense counsel will be and hereby are DENIED." *Id.* at 4.[4]

---

[4] Separately, the Court deemed as withdrawn Lowe's Rule 11 motion, without prejudice, and stated that they "may proceed again and re-raise any arguments therein in the context of a new Rule 11 motion, after proceeding through the safe harbor process." Dkt. 32 at 4.

Thereafter, the Court issued a memorandum opinion and order granting in part and denying in part Lowe's motion to dismiss Plaintiff's amended complaint. Dkt. 38. On the merits, the Court concluded that Plaintiff had at that stage of the case—taking his factual allegations and true and drawing all reasonable inferences in his favor—"fairly raised and put Lowe's on notice of claims for breach of contract, negligence, and violation of the [Virginia Consumer Protection Act]." *Id.* at 9.  However, as to Plaintiff's claims that appeared to be for violations of criminal law or licensing requirements, the Court held that they "fail to state a plausible claim to relief addressable in a civil case." *Id.* at 8.

In its decision, the Court stated that "Plaintiff also raises numerous claims against Lowe's counsel for perjury, obstruction of justice and other claims," but that "[i]n his reply, Plaintiff asked the Court to let him withdraw those claims against Defense counsel." Dkt. 38 at 3 n. 1. The Court dismissed and struck Plaintiff's claims against the newly added defendants, counsel for Lowe's and the plumber. *Id.* at 8. The Court explained that Plaintiff's claims against Lowe's counsel were meritless, and that Plaintiff had improperly tried to add parties outside the time to do so set by the pretrial order, and, in any event, had not shown good cause for joinder of any newly added parties. *Id.*

The Court also addressed Lowe's argument seeking "sanctions against Plaintiff on account of his numerous sanctions requests and attempt to include them as party defendants in this matter." *Id.* at 9. The Court acknowledged, "[t]heir frustration is certainly understandable," but further noted that "since it issued its Order … denying Plaintiff's motions for sanctions against Defense counsel, there is some cause to believe that this case will remain about the merits and not wild accusations." *Id.* (citation omitted). The Court noted that Plaintiff had acknowledged making a "misjudgment" about Defense counsel's actions, and had asked the

Court to allow him to "withdraw" his attempt to add Defense counsel as party defendants, which the Court did. *Id.* Accordingly, the Court determined that that it "s[aw] no need[ ] to award any sanctions at this time." *Id.*

A few months later, this Court found "[a]ny such cause of optimism ha[d] proven fleeting." Dkt. 46 at 3. That was because, "[a]t a [then-]recent scheduling hearing before the Magistrate Judge, Plaintiff reiterated his intent to bring some sort of criminal perjury claim against Defendants. The Magistrate Judge sought unsuccessfully to dissuade Plaintiff from that endeavor." *Id.* Thus Plaintiff filed another "Motion to Report Defendant's Perjury to this Court." Dkt. 45. Therein, he sought convictions and sanctions against Lowe's for alleged violations of criminal perjury and other laws. *Id.* at 1. His argument was the same as ever, that he "had never been given the opportunity of choosing" whether to sign Lowe's document, and thus "the statement 'Customer Refused to Sign' is an untruth." *Id.* at 4. Plaintiff argued that he had shown a violation of the criminal perjury laws and wrote that "perjury in federal court is a felony." *Id.* at 11. Accordingly, he renewed his request for this Court to initiate a criminal perjury trial and to secure a felony conviction against Lowe's "before proceeding to the civil trial," and he further sought again to revoke a license from Lowe's. *Id.* at 11–12.

This Court immediately issued a Show Cause Order, directing Plaintiff to show cause why the Court should not impose sanctions against Plaintiff for bringing his perjury motion in violation of Fed. R. Civ. P. 11(b)(1) and (2). Dkt. 46. The Court explained that "[t]his is and should be a simple breach of contract and negligence case about a hot water heater that was, according to Plaintiff, improperly installed and caused damage to his home." *Id.* at 1. But, the Court continued, "[u]nfortunately, it appears that Plaintiff appears singularly focused on …

7

expanding his case beyond any reasonable scope, ignoring the Court's (and the Magistrate Judge's) repeated warnings to the contrary." *Id.* The Court further explained that

> To be sure, whether Plaintiff expressly refused to sign, impliedly refused to sign due to an uncooperative posture, or was never presented with the contract, or a combination of the above, is a factual dispute that could be relevant to the merits of a breach of contract case in the normal course. Disputes about the facts arise in many cases. They require resolution by a finder of fact—typically a jury unless the litigants agree to a bench trial.

*Id.* at 2. However, "[t]he problem here is that Plaintiff has repeatedly sought to channel his disagreement with that statement in a quixotic pursuit of criminal charges, claims of professional misconduct and requests for disbarment against Lowe's and its counsel, and that the Court strip the plumber(s) of their licenses." *Id.* Moreover, the fact that Plaintiff had merely filed that motion against Lowe's and not "directly" against their counsel "d[id] not render it in compliance with this Court's prior orders." *Id.* at 4.

Accordingly, the Court held that, "[i]t appearing to the Court, notwithstanding any liberal treatment afforded Plaintiff on account of his *pro se* status, and having been repeatedly warned by this Court of the risks of continuing to make meritless requests to expand this civil beach of contract claim into some criminal charges against Defendant and/or its counsel, after the Court has already rejected those motions on the merits, the Court finds it necessary to **ORDER** Plaintiff to **SHOW CAUSE** … why the Court should not impose sanctions against Plaintiff for bringing his perjury motion in violation of Federal Rule of Civil Procedure 11(b)(1) and (2)." *Id.* at 4. The Court further permitted Defendant to file any response to the Show Cause Order, including any requests for relief, and Plaintiff to reply to both. *Id.*

Lowe's subsequently filed a response to the Court's Show Cause Order and requested relief against Plaintiff, writing that "from the inception of this litigation the Plaintiff has engaged repeated, persistent, non-meritorious claims for relief and sanctions against defense counsel and

defendant Lowe's." Dkt. 48 at 1. Lowe's responded that defense counsel "incurred 19 hours for legal services" that, "even at defense counsel's greatly reduced hourly rate for preferred repeat clients, is approaching $3,000." *Id.* at 2. Accordingly, Lowe's requested as an appropriate sanction reimbursement to defense counsel of $3,000, and if not paid forthwith that Plaintiff's claims be stricken. *Id.* Plaintiff also filed a lengthy response. Dkt. 49.

In a subsequent Order, this Court recapped Plaintiff's arguments: "that he is representing himself and does not have any legal training, he thought he was pursuing a valid path to dispute the facts, that he believed filing his motion was an efficient manner of addressing the facts and not meant to delay or needlessly increase the cost of litigation, he believed he had shown perjury, and that he believed his filing of the most recent perjury motion was not inconsistent with the Court's prior orders." Dkt. 50 at 1–2 (record citations omitted). However, the Court explained that even if Plaintiff "may well have himself believed filing another motion arguing that Lowe's plumber committed perjury was proper, when determining whether or not Rule 11 sanctions should be imposed, this Court should apply an objective test of reasonableness." *Id.* at 2 (citing originally *Artco Corp. v. Lynnhaven Dry Storage Marina, Inc.*, 898 F.2d 953, 955–56 (4th Cir. 1990)). And, the Court further explained, "courts afford *pro se* litigants significant latitude in reviewing their filings, but that is not without limits and it does not afford plaintiffs license to present their filings to the Court in violation of Rule 11." *Id.*  Because Lowe's had not "provided adequate support for the Court to properly assess its motion for attorney's fees as sanctions," the Court afforded Lowe's time to supplement its motion for sanctions "with billing, timekeeping or other records to substantiate its request for $3,000 in attorney's fees." *Id.* The Court cautioned that, "[t]o be clear, by holding that Lowe's must further support its request for fees, the Court is not taking off the table any potential sanction, up to and including dismissal." *Id.*

In addition, the Court afforded Plaintiff additional time to "supplement his response, particularly concerning his 'ability to pay' the requested fees," but also as to "any of the following factors relevant to the Court's decision: '(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation.'" *Id,* at 2–3 (quoting *In re Kuntsler*, 914 F.2d 505, 523 (4th Cir. 1990)). Accordingly, the Court took under advisement Lowe's request for sanctions, as well as the Court's Show Cause Order and Plaintiff's response. Dkt. 50 at 3.

The Court continued however, that Plaintiff's "Motion to Report Defendant's Perjury to the Court" would be denied "as meritless." *Id.* The Court explained: "*This is a civil case, not a criminal case*. Any issue concerning whether Plaintiff refused to sign the pre-printed 'Installation Services Customer Contract' (or was not presented it in the first place), can be addressed in the context of the regular discovery process, any dispositive motions and ultimate resolution by the factfinder." *Id.* (emphasis added) The Court further wrote that "Plaintiff is **encouraged** to consider obtaining representation to further advance his claim, in view of the repeated difficulties presented in his filings which have sought to enlarge this case beyond a simple civil breach of contract and negligence claim." *Id.*[5]

Lowe's supplemented its motion for sanctions, including time records and billing statements in support of its request for $3,080 in attorney's fees incurred "dealing with the plaintiff's spurious motions." *See* Dkt. 52 at 1. Plaintiff also submitted a supplemental reply to

---

[5] The Court also encouraged the parties to consider mediation, which the Court explained "can offer an expedited and efficient forum to resolve the parties' dispute on terms agreeable to both parties." Dkt. 50 at 3. The Court continued, "It beggars belief that either litigant's interests would be best served by fully litigating this case about a broken hot water heater." Dkt. 50 at 3.

the Court's orders. Dkt. 56. Therein Plaintiff provided a response on each of the four factors

cited in the Fourth Circuit's *In re Kunstler* decision. *See* Dkt. 56 at 1–4.

Undeterred by the Court's still pending Show Cause Order, Plaintiff subsequently filed

several further motions seeking sanctions against Lowe's and their counsel. The first (thirty-six-

page) motion Plaintiff styled as an "Urgent Motion to Suspend Lowe's All Plumbing Installation

Services in the State of Virginia." Dkt. 64. In the motion, Plaintiff sought as relief a court order

"*suspending Lowe's all plumbing installation services in the State of Virginia*, and demanding

Lowe's to review all plumbing installation services that Lowe's has conducted in the State of

Virginia *in the past decades*." *Id.* at 1–2 (emphases added). The basis for his grievance in this

motion appears to be that, in the course of discovery, Lowe's counsel provided responses to

Plaintiff's interrogatories that included numerous objections or that Plaintiff deemed to be

"partial and unsatisfying" answers. *Id.* at 4.[6] In this motion, Plaintiff accused Lowe's counsel of

making "multiple, provable, smoking-gun, and with-bloody-hand 'intentional and significant

untruths,'" including what he called "their provable FRAME-UP FELONY"—seemingly

referring to the issue whether he had been presented with a contract and refused to sign or was

not presented with one at all. Dkt. 64 at 7. After Lowe's had objected to a discovery request

concerning the plumber's license, Plaintiff made the extreme logical leap that "Lowe's has been

*systematically*" violating Virginia laws and codes requiring plumbing licensures for such

installations. *Id.* at 15–16. (Lowe's later produced a copy of the plumber's license, writing that

counsel obtained it from the third-party plumber, as Plaintiff could have done. Dkt. 66-1 at 4–5.)

---

[6] The Magistrate Judge issued an order directing some supplementation of Lowe's discovery
responses, which direction Lowe's appears to have fully complied with. Dkt. 65; Dkt. 66-1. In his order,
the Magistrate Judge directed Lowe's to provide further responses to "identify the employees who
handled Plaintiff's complaints and provided information to Defendant about the allegedly faulty
installation of the water heater," and for Lowe's to "state whether it paid [the plumber] for the installation
of the water heater, and, if so, when." Dkt. 65 at 1–2.

Still unsatisfied, Plaintiff filed yet another motion for sanctions, this one entitled "Motion to Report Defendant and Defense Counsel's Contempt of Court and Other Offenses." Dkt. 66. Therein, Plaintiff (again) argued that Lowe's and its counsel should be convicted of contempt of court, and that their law licenses should be revoked, and they should be discharged from their representation of Lowe's in this case. *Id.* at 1. To the extent Plaintiff's arguments can be discerned, they are that Lowe's was untimely in producing to Plaintiff a copy of the plumber's license—though Plaintiff acknowledges that the Magistrate Judge's order giving Lowe's fourteen days to supplement specific responses "did not mention anything about" the plumber licenses. *Id.* at 9.

On the basis of these new filings from Plaintiff, Lowe's filed another motion for an order for Plaintiff to show cause why he should not be held in contempt of court or other sanctions. Dkt. 70.

The Court subsequently granted Lowe's motion for summary judgment, holding that Plaintiff's evidence was not enough to give rise to a genuine issue of material fact that he suffered any damages as a result of the alleged faulty hot water installation. *See* Dkts. 73, 74. Plaintiff filed a notice of appeal as to those orders. Dkt. 77.

<u>Applicable Law</u>

Rule 11 of the Federal Rules of Civil Procedure "sets forth the requirements imposed on individuals filing documents in a federal court, the available sanctions for failing to meet those requirements and the procedural mechanisms for imposing those sanctions." *Johnson v. Pennymac Loan Servs., LLC*, No. 3:19-cv-837, 2020 WL 5371347, at *4 (E.D. Va. Sept. 8, 2020). Rule 11 applies to pro se litigants as well as attorneys. *Id.*; *Baldwin v. Boone*, 812 F.2d 1400 (4th Cir. 1987) (unpublished). By presenting a pleading, motion, or other paper to the

Court, an attorney or unrepresented party certifies, to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that

1. it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2. the claims, defenses, and other legal conditions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

3. the factual conditions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. the denials of factual contentions are warranted on the evidence, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)–(4).

Then, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction …." Fed. R. Civ. P. 11(c). Accordingly, the Court will first consider (1) whether sanctionable conduct has occurred, and if so, (2) what is the appropriate sanction. *See Meekins v. Lakeview Loan Serv'g, LLC*, No. 3:19-cv-501, 2020 WL 1922765, at *1 (E.D. Va. Apr. 21, 2020).

<u>Violations of Rule 11</u>

"When determining whether or not Rule 11 sanctions should be imposed, this Court should apply an objective test of reasonableness." *Segen v. Buchanan Gen. Hosp., Inc.*, 552 F. Supp. 2d 579, 585 (W.D. Va. 2007). In other words, when determining whether a party has filed a motion for an improper purpose under Rule 11(b), the Court "must judge the conduct of [the filing party] under an objective standard of reasonableness rather than assessing subjective intent." *Sanders v. Farina*, 197 F. Supp. 3d 892, 900 (E.D. Va. 2016) (citing *In re Kuntsler*, 914

F.2d at 518). An asserted position violates Rule 11(b) if it has "absolutely no chance of success under the existing precedent." *Johnson*, 2020 WL 5371347, at *5 (citation omitted).

The Court finds that, under an objective standard, Plaintiff violated Rule 11(b)(1) and Rule 11(b)(2) no less than three times, on account of his filing of his three most recent motions arguing that Lowe's and its counsel committed criminal perjury and seeking such relief stated above. *See* Dkts. 45, 64, 66.[7] The Court finds each of these motions frivolous, and the circumstances surrounding their filings clearly demonstrates that Plaintiff filed each of them for an improper purpose, such as to harass.

Indeed, after the Court denied Plaintiff's first *four* motions for sanctions as baseless, the Court expressly admonished Plaintiff not to expand his litigation conduct beyond the merits of his own claims of negligence and breach of contract. *See* Dkt. 32 at 1. The Court explained that such improper attempts to expand the litigation had included Plaintiff's "quixotic pursuit of criminal charges, claims of professional misconduct and requests for disbarment against Lowe's and its counsel, and that the Court strip the plumbers) of their licenses." *Id.* at 2. The Court further cautioned Plaintiff against seeking to pursue criminal charges in this civil case, and warned that "repetitive and/or baseless requests for sanctions could themselves provide grounds for a successful motion for attorney's fees or sanctions." *Id.* at 1, 3. Notwithstanding a temporary interlude without such vexatious filings, Dkt. 38 at 9, Plaintiff soon returned to seeking criminal convictions for alleged perjury with the filing of his "Motion to Report Defendant's Perjury to this Court," Dkt. 45. Again, the Court noted in its Show Cause Order that it had "repeatedly

---

[7] *See* Dkt. 45 (entitled, "Motion to report Defendant's Perjury to this Court"); Dkt. 64 ("Plaintiff's Urgent Motion to Suspend Lowe's All Plumbing Installation Services in the State of Virginia"); and Dkt. 66 ("Plaintiff's Motion to Report Defendant and Defense Counsels' Contempt of Court and Other Offenses").

warned" Plaintiff "of the risks of continuing to make meritless requests to expand this civil breach of contract action into some criminal charges against Defendant and/or its counsel." Dkt. 46 at 4; *see also* Dkt. 50 at 3 ("This is a civil case, not a criminal case.").

Notwithstanding these (and other) repeated and express warnings to focus on the merits of his own case, Plaintiff has continued impermissibly bring baseless threats against Lowe's and its counsel that they had engaged in criminal conduct such as perjury or obstruction of justice. *See* Dkt. 45 at 11–12 (seeking a felony conviction for perjury "before proceeding to the civil trial" in this case); Dkt. 64 at 27 (accusing Lowe's counsel of "frame-up felony"); Dkt. 66 at 8–9 (suggesting their facing "immediate and direct convictions" for "contempt of court"). In addition, Plaintiff was warned of improperly trying to "expand[ ] this case well beyond any reasonable scope" and to focus on the merits of his claims. Dkt. 46 at 1. And yet in one of his more recent motions, he demands that this Court suspend all of Lowe's installation services in Virginia, and to conduct a review of all of its plumbing installations in Virginia "in the past *decades*." Dkt. 64 at 1–2 (emphasis added). And in another, Plaintiff (again) sought to have Lowe's counsel's law licenses revoked, *see* Dkt. 66 at 1, 20, and to get the plumber's licenses revoked, Dkt. 64 at 1. Thus, Plaintiff again ignored this Court's admonition that Plaintiff abandon his "quixotic pursuit of criminal charges, claims of professional misconduct and requests for disbarment against Lowe's and its counsel." Dkt. 46 at 2. These motions have absolutely no chance of success. For instance, Plaintiff's argument why the Court should stop Lowe's from doing plumbing-related installations in Virginia was based on the (mistaken) belief in his own case (and no other) that the plumber did not have a license, Dkt. 64 at 11, 18–23.

Of course, Lowe's counsel later produced a copy of the license in discovery, Dkt. 66-1 at 4–5, which they obtained through their own third-party discovery. However, rather than admit

his error, Plaintiff doubled down in his next motion—based on nothing more than conjecture and supposition—arguing again for Lowe's counsel should be held in contempt and have their law licenses revoked because Plaintiff believed they turned over the document with the plumber's license several weeks past a discovery deadline. Dkt. 66 at 1. However, Lowe's would not have any obligation under the Court's prior orders to produce in discovery that was not in Lowe's "possession,  custody, or control." *See* Fed. R. Civ. P. 34(a)(1). Even if there was some kernel of truth in Plaintiff's argument that they should have turned over the document sooner—and there is not—absolutely nothing in Plaintiff's submissions justifies the extreme nature of the relief sought, such as Plaintiff's request for a criminal perjury referral or an order revoking Lowe's counsel's law license.

The Court is mindful that Plaintiff is proceeding *pro se* and thus his filings are to be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Yet the liberal construction afforded *pro se* filings are not without limits, *Beaudett v. City of Hampton*, 774 F.2d 1274, 1278 (4th Cir. 1985), and his *pro se* status is no excuse for noncompliance with Rule 11. *Johnson*, 2020 WL 5371347, at *4. No amount of leniency can excuse Plaintiff's repeated non-compliance with Rule 11, despite the Court's and the Magistrate Judge's repeated warnings to limit his case to the merits of his own dispute, and not to pursue personal grievances against Lowe's counsel or to try to expand the case into the criminal sphere.

In addition, the Court finds that Plaintiff's filings were made for an improper purpose, such as to harass. *See* Fed. R. Civ. P. 11(b)(1). A review of the language used in Plaintiff's filings further substantiates that conclusion, in addition to his ceaseless attempts to have Lowe's counsel lose their law licenses, and baseless threats that they committed in criminal perjury. *See* Dkt. 45 at 11–12; Dkt. 66 at 1, 20–23; *see also* Dkt. 19 at 5–8; Dkt. 22 (motion for "independent

16

criminal trial on the alleged perjury" Dkt. 28 at 1, 9–15.[8] Accordingly, the Court concludes that Plaintiff violated Rule 11(b)(1) and (b)(2) by filing and maintaining his baseless motions for sanctions against Lowe's and its counsel. *See* Dkts. 45, 64, 66.

Sanctions

Having determined that Plaintiff violated Rule 11, the Court must next consider the appropriate sanction.

Rule 11 requires that "an appropriate sanction" be imposed upon anyone who violates its requirements. *In re Kuntsler*, 914 F.2d at 522; Fed. R. Civ. P. 11(c)(1). The Fourth Circuit has explained that the "primary" purpose of Rule 11, "is to deter future litigation abuse," *i.e.*, "to deter attorney and litigant misconduct, not to compensate the opposing party for its costs in defending a frivolous lawsuit." *In re Kunstler*, 914 F.2d at 522, 524. Thus, Rule 11 "should not blindly be used to shift fees," however, if a district court determines that a monetary sanction is appropriate, "the amount of a monetary sanction should always reflect the primary purpose of deterrence." *Id.* at 522–23. In any event, the court "is required to choose the least severe sanction adequate to accomplish the purpose of Rule 11." *Id.* at 523. If a monetary sanction is to be awarded, the Fourth Circuit has directed district courts to consider the following factors to determine whether a chosen sanction is appropriate: "(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation." *Id.* District courts have discretion to determine whether to impose sanctions for Rule 11 violations. *Ost-West-Handel Bruno Bischoff GmbH v. Project Asia Line, Inc.*, 160 F.3d 170, 177 (4th Cir. 1998).

---

[8] Other evidence in the record further substantiates the improper purpose. For instance, before Plaintiff filed his fourth motion for sanctions against Lowe's and its counsel, he emailed them and said "please get your attorney license ready. Best wishes!" Dkt. 28-1 at ECF 5.

First, the Court will consider the reasonableness of Lowe's requested attorney's fees of $3,080. Lowe's has submitted billing and timekeeping records as directed by the Court. Dkt. 52. Lowe's counsel's hourly rate of $140 is reasonable, and indeed on the lower end of hourly rates determined to be reasonable in Charlottesville for comparable work. *See, e.g.*, *Rogers v. Summit Receivables*, No. 3:17-cv-69, 2018 WL 1161144, at *4 (W.D. Va. Mar. 5, 2018) (determining $300 hourly rate reasonable in FDCPA case); *Bressel v. Red Robin Int'l, Inc.*, No. 7:20-cv-611, 2021 WL 3215124, at *2 (W.D. Va. July 29, 2021) (determining hourly rates from $200 to $250 were reasonable for attorney's fee in "a straightforward slip-and-fall" case).

Turning to the number of hours claimed, "[o]nly attorney time which is in response to that which has been sanctioned should be evaluated." *In re Kunstler*, 914 F.2d at 523. But attorney time responding to claims "within a pleading which do not merit sanctions, should be excluded from consideration." *Id.* Adequate documentation requires "reliable contemporaneous recordation of time spent on legal tasks that are described with reasonable particularity" so the court can "weigh the hours claimed and exclude hours that were not reasonably expended." *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006) (cleaned up). "Inadequate documentation includes the practice of grouping, or 'lumping,' several tasks together under a single entry, without specifying the amount of time spent on each particular task." *Id.* The Court finds that Lowe's counsel's billing records are, for the most part, thorough and have broken time entries down into tenth-of-an-hour increments that aid in the Court's consideration of the reasonableness of the claimed 22 hours of attorney's fees. *See* Dkt. 52 at ECF 4–9.

There are, however, three entries from February 28 and March 2, 2021—for 2.5 hours, 1.0 hours, and 0.5 hours, respectively—that both describe drafting Lowe's motion to dismiss the amended complaint, as well as drafting a motion for sanctions and motion to strike new parties

that Plaintiff attempted to add to the complaint without leave of Court. *See* Dkt. 52 at ECF 7. The Court finds that Lowe's counsel's time spent on its motion to strike and motion for sanctions arguments qualify as "attorney time which is in response to that which has been sanctioned," *see In re Kuntsler*, 914 F.2d at 523; Dkt. 30 at 6–8, however Lowe's response on the merits of Plaintiff's breach of contract and negligence claims would not so qualify, *see* Dkt. 30 at 1–5. Moreover, Lowe's counsel did not draft these time entries in a way that clearly delineates which portions of time they spent responding to Plaintiff's amended complaint on the merits, from that which they spent responding to Plaintiff's frivolous arguments. Their lumping together different tasks within a single time entry "provides a proper basis for reducing the fee award." *Guidry*, 442 F. Supp. 2d at 295. Based on the Court's assessment that nearly three quarters of Lowe's motion to dismiss addressed the merits rather than Plaintiff's sanctionable conduct, the Court finds it appropriate to reduce the 4-hour block by 3 hours, allowing for 1 compensable hour. Therefore, and as supported Lowe's counsel's billing records, the Court determines that Lowe's counsel reasonably spent 19 hours (22 hours requested less 3) responding to Plaintiff's sanctionable conduct, resulting in a reasonable attorney's fee of $2,660. However, although the Court finds Lowe's counsel's attorney's fees (so reduced) to be reasonable, other factors may warrant additional reduction of those fees. *See In re Kunstler*, 914 F.2d at 523 ("Thus, a monetary sanction should never be based solely on the amount of attorney's fees claimed by the inured party, even where a court determines that the amount of the sanction should equal the fees claimed by the injured party.")

Second, the Court will consider the "minimum to deter" factor, *i.e.*, that "the limit of any sanction award should be that amount reasonably necessary to deter the wrongdoer," for engaging in litigant misconduct. *In re Kunstler*, 914 F.2d at 524. Rule 11 states that the sanction

"must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The Court finds that this factor supports imposition of the full $2,660 in reasonable attorney's fees as a sanction, and that no reduction is warranted. Plaintiff continued to raise and press further baseless requests for sanctions against Lowe's and its counsel, notwithstanding repeated warnings by the Magistrate Judge and this Court. *See Johnson*, 2020 WL 5371347, at *6 (finding that this factor supported "raising the minimum sanction necessary to deter him" when "Petitioner continued to press this frivolous litigation after Respondent twice warned him that his conduct would subject him to sanctions, thereby demonstrating that he is not easily deterred").

Moreover, the Court finds that Plaintiff's frivolous filings, viewed from an objective standpoint, demonstrate a concerted effort to attempt to press vexatious claims in a way not directly foreclosed by this Court's earlier orders, rather than the pursuit of a good-faith effort at complying with this Court's orders. For instance, in his "Motion to Report Defendant's Perjury to this Court," Plaintiff argued that he was in compliance with this Court's motion to dismiss decision because "this motion is NOT directly against defense counsels … but against the defendant Lowe's." *See* Dkt. 45 at 1. Similarly, notwithstanding raising a barrage of baseless claims of criminal violations, Plaintiff added a caveat at the end of another motion saying that he was just leaving it to the Court's "discretion to solely deem what is the proper way to address the criminal and even felony side of these reported and proved misconducts," but that Plaintiff himself would not be initiating or seeking any "criminal penalty." Dkt. 66 at 24; *see also* Dkt. 64 at 30 (similar). Indeed, given the long-running nature of Plaintiff's contumacy in this case, the Court has significant concerns that imposing a sanction less than $2,660 would fail to deter

Plaintiff and other would-be filers of committing other serial violations in contravention of the warnings of the Court.

Third, the Court considers Plaintiff's ability to pay, in view of the fact that "the purpose of monetary sanctions is to deter … litigant misconduct." *In re Kunstler*, 914 F.2d at 524. A court should not impose a financial penalty so great that it would "bankrupt the offending parties," or otherwise "cause them great financial distress," though still any sanction should be sufficient to deter litigant misconduct. *Id.* The burden is on Plaintiff, as the party against whom sanctions have been sought, to come forward with evidence of his financial status. *Id.* Plaintiff has written that he has "a little bit more" than "three thousand dollars in [his] bank account." Dkt. 64 at 32. Elsewhere, he has stated that, if this factor "means whether the Plaintiff could afford $3,000, the Plaintiff's answer is 'yes, [he] do[es] have $3,000 in [his] bank account." Dkt. 55 at 4. Plaintiff has not further explained beyond those statements his ability to pay, including describing any income he receives and other assets he may own besides the sum presently in his bank account. Indeed, Plaintiff does not even squarely argue that this factor weighs in his favor, that he is unable to pay that amount or that the initial $3,000 sought would pose a significant financial strain on him—much less has he provided any supporting documentation to further substantiate any such argument. *See In re Kunstler*, 914 F.2d at 524 (explaining that 'the burden [is] upon the parties being sanctioned to come forward with evidence of their financial status"). In view of Plaintiff's uncontradicted assertions that he has at least $3,000 in his bank account currently and considering the lack of argument and lack of evidence on the issue of his financial situation, the Court does not consider it appropriate to impose any reduction in the sanction of requested fees on account of the ability to pay factor.

21

<u>Fourth</u>, the Court will consider other factors related to the severity of the Rule 11 violation. *In re Kunstler*, 914 F.2d at 523. The Court considers Plaintiff's Rule 11 violation to be severe. As recounted at length above, Plaintiff was afforded multiple chances to course-correct after he filed prior baseless motions for sanctions, but he has shown no willingness to heed any of the many the warnings of this Court and the Magistrate Judge. Moreover, Plaintiff's violations are significant in their own right, and Rule 11's purposes would not be served if its protections could not be invoked to deter persons from making meritless threats of criminal prosecution and loss of attorney licenses.

\*       \*       \*

Accordingly, based on all the facts and circumstances, the Court will **GRANT** Lowe's motions for sanctions, Dkts. 48, 70, and **IMPOSE SANCTIONS** further to this Court's Show Cause Order, Dkt. 46, upon **FINDING** Plaintiff has violated Rule 11. The Court will therefore **IMPOSE** as a sanction upon Plaintiff **$2,660** in Lowe's reasonable attorney's fees, payable and **AWARDED** to Lowe's.

Plaintiff's outstanding motions filed in violation of Rule 11 are **DENIED** as meritless. Dkts. 64, 66.

It is so **ORDERED**.

The Clerk of Court is directed to send a certified copy of this Memorandum Opinion & Order to all parties.

Entered this <u>2nd</u> day of February, 2023.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE